IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BEDWELL, KATHY ANDERSON, and GEORGE ZEMITIS,<br><br>        Plaintiffs,<br><br>  v.<br><br>AMDOCS, INC., and DOES 1-10,<br><br>        Defendants.<br>/ | No. C 13-5565 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SEVER** |

Defendant's motion to sever was scheduled for a hearing on July 18, 2014. Pursuant to Civil Local Rule 7-1(b), the Court took the matter under submission without oral argument. For the reasons set forth below, the Court GRANTS defendant's motion to sever.

**DISCUSSION**

After this Court decertified the conditionally-certified Fair Labor Standards Act ("FLSA") class in *Santiago v. Amdocs*, C 10-4317 SI, plaintiffs John Bedwell, Kathy Anderson and George Zemitis filed this individual action alleging a claim for failure to pay overtime in violation of the FLSA. Defendant moves to sever the claims of the three plaintiffs on the ground that they were improperly joined. Defendant contends that plaintiffs' claims do not arise out of the same transaction or occurrence, and instead that plaintiffs were employed in different facilities with different supervisors, in different job positions, and that plaintiffs are subject to different overtime exemptions. Defendant emphasizes the Court's findings in the decertification order that "even class members with the same job title . . . have very different job duties in a variety of employment settings," and that plaintiffs had failed to "identif[y]

any policy that has allegedly caused their injuries." *Santiago*, C 10-4317 SI, 2013 WL 544324, at *8 (N.D. Cal. Sept. 30, 2013).

Plaintiffs respond that the decertification order addressed the claims of hundreds of class members with various job titles across California, and that the order does not preclude these three plaintiffs from proceeding in this lawsuit. Plaintiffs argue that plaintiffs' claims do arise out of the same transaction or occurrence under the "liberal construction" of Rule 20 because the complaint alleges that plaintiffs performed the same job duties and followed the same standards and procedures. Plaintiffs argue that joinder is in the interest of judicial economy and fairness because plaintiffs will use common experts and plaintiffs' claims of deliberate misclassification "will be significantly weakened if Plaintiffs are forced to try their cases separately." Docket No. 25 at 6:26-27. Plaintiffs also argue that defendant is not prejudiced by the joinder of plaintiffs.

Federal Rule of Civil Procedure 20(a) provides that joinder of plaintiffs is appropriate where "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [] any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." *Coughlin v. Rogers*, 130 F. 3d 1348, 1350 (9th Cir. 1997). If misjoinder is apparent, the Court is authorized to "drop" a misjoined party from the case, or "sever" any claim. Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."). A district court's order granting severance of parties is reviewed for abuse of discretion. *Coughlin*, 130 F.3d at 1351.

The Court concludes that plaintiffs are misjoined and that plaintiffs should proceed in separate lawsuits. Although the complaint alleges that each plaintiff's primary job duties consisted of the same general non-exempt duties, defendant has submitted a declaration stating that Bedwell held the position of Programming Sr., SME, worked in San Ramon, and was supervised by Linda Leavens; Anderson held the position of Senior Testing Engineer, worked in Sacramento, and was supervised by Keith Gordon; and Zemitis worked as an Analyst Expert – Billing in San Ramon, and was supervised by Nichol Warnecke. Reisinger Decl. ¶¶ 3-5. In addition, at termination, Zemitis' salary was over $100,000. *Id*.

¶ 5. As discussed in the *Santiago* decertification order, the evidence showed that even employees with the same job title performed different job duties, and that employees were classified into different "bands" – which plaintiffs claimed was determinative of the exemption issue – at the individual manager level, not pursuant to corporate-level policies. While the Court agrees with plaintiffs that the *Santiago* decertification order does not necessarily preclude multiple plaintiffs from proceeding in a single lawsuit, here the record shows that plaintiffs worked in disparate environments with different supervisors and held different job titles. Further, Warnecke is subject to the highly compensated employee exemption under the FLSA. *See* 29 C.F.R. § 541.601. The Court finds that joinder of these plaintiffs is not in the interest of judicial economy because evidence and witnesses specific to each plaintiff would be required in order to resolve the applicability of each FLSA exemption for each plaintiff. Further, the Court is not persuaded that plaintiffs would be prejudiced by severance because plaintiffs' misclassification claims will necessarily have to be decided on an individual basis.

Accordingly, the Court GRANTS defendant's motion to sever. No later than **August 1, 2014**, plaintiffs shall file a new complaint in this action with only one plaintiff, and separate lawsuits for the other two plaintiffs. The statute of limitations for plaintiffs filing new actions shall be tolled until **August 1, 2014**.[1]

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court GRANTS defendant's motion to sever. Docket No. 19.

**IT IS SO ORDERED.**

Dated: July 24, 2014

SUSAN ILLSTON
United States District Judge

---

[1] When the Court decertified the *Santiago* FLSA class, the Court also tolled the statute of limitations to allow class members to file their own cases.